IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § Plaintiff, § § § § VS. § § § VALERO ENERGY CORPORATION, § § and § § § VALERO SERVICES, INC., § § § § Defendants. § _____§ | | CIVIL ACTION NO.  COMPLAINT   JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1.  This is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 et seq. ("ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to Betty Morris who was adversely affected by such practices. In this lawsuit, Plaintiff, Equal Employment Opportunity Commission ("Commission"), alleges that on or about November 16, 2005, Defendants Valero Energy Corporation and Valero Services, Inc., (collectively "Defendant"), unlawfully laid off and/or discharged Ms. Morris from her position as a store manager because of her age, then 57.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, 29 U.S.C.

§626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§216(c) and 217.

3. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

4. The employment practices alleged to be unlawful were committed in College Station, Texas which is within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

5. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

6. Defendant Valero Energy Corporation is a Delaware corporation. At all relevant times, Defendant Valero Energy Corporation has continuously been doing business in the State of Texas and the City of Houston and has continuously had at least twenty (20) employees. Defendant Valero Energy Corporation may be served by serving its registered agent for service of process, C T Corporation, 1021 Main Street, Suite 1150, Houston, TX 77002.

7. Defendant Valero Services, Inc. is a Delaware corporation. At all relevant times, Defendant Valero Services, Inc. has continuously been doing business in the State of Texas and the City of Houston and has continuously had at least twenty (20) employees. Defendant Valero Services, Inc. may be served by serving its registered agent for service of process, C T Corporation, 1021 Main Street, Suite 1150, Houston, TX 77002.

8. At all relevant times, Defendant Valero Energy Corporation has continuously been an employer within the meaning of Section 11(b), (g), and (h) of the ADEA, 29 U.S.C. §630(b), (g), and (h).

9. At all relevant times, Defendant Valero Services, Inc., has continuously been an employer within the meaning of Section 11(b), (g), and (h) of the ADEA, 29 U.S.C. §630(b), (g), and (h).

10. Defendant Valero Energy Corporation is the parent corporation of Defendant Valero Services, Inc. (collectively referred to hereinafter as "Defendant").

## CONCILIATION

11. Prior to institution of this lawsuit, the Commission's representatives attempted in good faith to eliminate the unlawful employment practices alleged below, and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of §7(b) of the ADEA, 29 U.S.C. §626 (b).

## STATEMENT OF CLAIMS

12. Betty Morris was born in 1948. She began her employment with Defendant in August 1986 as a store manager for Diamond Shamrock, which Defendant purchased.

13. Ms. Morris worked for Defendant at various locations for 19 years and her performance was satisfactory.

14. In about March 2005, Ms. Morris was transferred from Store No. 540, where she had worked for about twelve years, to Store No. 546.

15. In early November, 2005, Ms. Carolyn Pinson, Defendant's Area Manager, informed Ms. Morris that Store No. 546 would be closed and that the employees she supervised would be transferred to other stores. Ms. Pinson told Ms. Morris that Defendant did not have a position for her.

The other employees assigned to Store No. 546, all much younger than Ms. Morris, were transferred to other stores.

16. Defendant terminated Ms. Morris, effective November 17, 2005, stating she would be paid four weeks severance and her remaining vacation days.

17. On or about November 17, 2005, Mr. John Burns, Defendant's Senior Human Resources Manager, informed Ms. Morris that she would receive severance pay.

18. Ms. Morris sought work at Defendant's other stores.

19. In late November 2005, Defendant transferred Mr. Josh Leal, then age 25, to a vacant store manager position at Store No. 1400. Mr. Leal was promoted to the position of store manager. Mr. Leal had been hired in 2002 and made an assistant manager in 2004.

20. In December 2005, Defendant mailed Ms. Morris information concerning retirement, which among other things, congratulated her on her "retirement." Defendant then sent Ms. Morris a clock. Ms. Morris informed Defendant the clock must have been ordered in error. Ms. Morris repeatedly insisted that she had not retired.

21. In early 2006, Defendant changed Ms. Morris' termination status to reflect a reduction-in-force.

22. Ms. Morris was laid off and/or discharged because of her age, then 57, in violation of §4(a)(1) of the ADEA, 29 U.S.C. §623(a)(1).

23. The effect of these unlawful practices complained of above have been to deprive Ms. Morris of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her age.

24. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Valero Energy Corporation and Defendant Valero Services, Inc, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in age discrimination in lays off and/or discharges, and from engaging in any other employment practice which discriminates against individuals 40 years of age and older on the basis of age.

B. Order Defendant Valero Energy Corporation and Defendant Valero Services, Inc. to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of their past and present unlawful employment practices.

C. Grant a judgment requiring Defendant Valero Energy Corporation and Defendant Valero Services, Inc. to make whole Betty Morris by providing appropriate back wages, in an amount to be determined at trial, and an equal sum as liquidated damages, or pre-judgment interest in lieu thereof, to Ms. Morris.

D. Order Defendant Valero Energy Corporation and Defendant Valero Services, Inc. to make Ms. Morris whole by providing the affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including, but not limited to, reinstatement into employment of Betty Morris, or order an award of front pay if reinstatement is impractical.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,


RONALD S. COOPER
General Counsel

GWENDOLYN REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L. Street, N.W.
Washington, D.C. 20507

JAMES SACHER
Regional Attorney


*/s/ Rudy L. Sustaita*
RUDY L. SUSTAITA
Attorney-in-Charge
Texas Bar No. 19523560
Federal ID No. 11850
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Telephone: (713) 209-3400